UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED,
INC., et al.,

    Plaintiffs,

v.                                            Case No.  8:05-cv-1310-T-30MAP

JACKSON HEWITT INVESTMENT
SERVICES, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law (Dkt. #24-1) and Defendant's Response to Plaintiffs' Verified Application for Attorney's Fees and Expert Fees, Litigation Expenses and Costs (Dkt. #25). The Court, having considered the Plaintiffs' application for fees, Defendant's response, memoranda, affidavits, exhibits, and being otherwise advised in the premises, finds that Plaintiffs' application should be granted in part and denied in part as stated herein.

### Background

This is a Title III enforcement action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.* On July 13, 2005, Plaintiffs initially filed suit against Defendant, Jackson Hewitt Investment Services, Inc. On August 24, 2005, Plaintiffs

filed an Amended Complaint against Jackson Hewitt and Defendant, Beneva-Clark Plaza Condominium Association, Inc. On August 31, 2005, Plaintiffs filed a Notice of Voluntary Dismissal as to Jackson Hewitt. On January 6, 2006, Plaintiffs filed a Notice of Settlement. On January 23, 2006, the parties filed a Joint Motion for Approval and Entry of Stipulation for Settlement and Request for Determination of Reasonable Attorney's Fees. In settling this matter, the parties agreed that Defendant would pay Plaintiffs' counsel, Todd W. Shulby, Esquire, reasonable attorneys' fees, litigation expenses and costs incurred in this matter in an amount to be determined by the Court.

The billing records (Dkt. #24-2) attached to Plaintiffs' application indicate attorneys' fees, expert's fees, and costs in the total amount of $7,447.00. According to the records, Plaintiffs' attorney worked 19.4 hours at a rate of $250.00 per hour for a total of $4,850.00 in attorneys' fees and incurred $377.00 in costs. The invoice (Dkt. #24-3) attached to Plaintiffs' application indicates that an expert (the name of the expert is not identified) visited the premises on April 13, 2005 and worked for 12 hours at $185.00 per hour for a total expert fee of $2,220.00. In support of Plaintiffs' application for expert's fees, Plaintiffs also filed the Unsworn Declaration of Thomas J. Ricci Pursuant to 28 U.S.C. Section 1746 (Dkt. #24-23). Ricci's affidavit does not provide information as to the amount of hours worked by Ricci, and the information contained in the affidavit appears to be inconsistent with the

information contained in the invoice.[1] Furthermore, a copy of Ricci's report has not been filed in these proceedings.

**I.     Attorneys' Fees.**

The Court concludes that the hourly rate of $250.00 per hour charged by Plaintiffs' attorney is reasonable for this type of litigation.

However, the Court concludes that 19.4 hours of work is unreasonable and excessive for this type of litigation. This type of litigation is repetitive and form intensive. No novel or complex motions were filed by either party in this case. Plaintiffs billed substantial amounts of time for: events that occurred prior to Defendant's appearance in this case; reviewing the proposed Settlement Agreement; and events occurring after filing a Notice of Settlement. The Court concludes that Plaintiffs' application for 19.4 hours should be reduced to 12.3 hours (a reduction of 7.1 hours).

Applying the reduction in hours, the Court concludes that a fee of $3,075.00 (12.3 hours at $250.00 per hour) is a reasonable and appropriate fee for Plaintiffs' counsel.

**II.    Expert's Fees.**

This Court concludes that the expert's fees billed in this matter should also be reduced. The information offered by Plaintiffs in support of expert's fees appears to be inconsistent; further, the amount of time (12 hours) spent inspecting the premises and preparing a report appears excessive under the circumstances. The Court concludes that a

---

[1] Compare "Service Description" in Dkt. #24-3 to Paragraph 2 of Ricci's Affidavit, Dkt. #24-23.

reasonable amount of time for the expert to inspect the property, take photographs and prepare a report would be 6 hours (a reduction of 6 hours). Additionally after reviewing the invoice and curriculum vitae offered in support, the Court concludes that $185.00 per hour as a rate for this type of work is in excess of the customary market rate in the Tampa Bay area. The Court determines that $150.00 per hour for the expert's time is reasonable and appropriate under the circumstances.

Applying the reduction in rate and hours, the Court concludes that a fee of $900.00 (6 hours at $150 per hour) is a reasonable and appropriate fee for Plaintiffs' expert.

### III.     Costs.

The Court concludes that the amount of costs ($377.00) requested by Plaintiffs should also be reduced. The costs sought include: amounts paid to serve another defendant, Jackson Hewitt, who was voluntarily dismissed by Plaintiffs; and photocopies apparently made prior to Defendant's appearance in this case. Accordingly, the Court concludes that $88.00 of the requested costs ($65.00 for service of process on Jackson Hewitt and $23.00 for photocopies) is not recoverable from Defendant.

Applying the reduction in costs, the Court concludes that $289.00 ($377.00-88.00) is recoverable and taxable as costs.

It is therefore ORDERED AND ADJUDGED that:

1.     Plaintiffs' Verified Application for Attorneys' and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law (Dkt. #24-1) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. The Court approves payment by Defendant to Plaintiffs of fees and costs in the total amount of $4,264.00 ($3,075.00 in attorneys' fees, $900.00 in expert's fees, and $289.00 in costs).

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1310.Access Disabled atty fee, expert, costs.wpd